UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DWIGHT LEWIS,

Petitioner,

vs.

CIVIL NO.: 04-40208
CRIM NO.: 00-CR-50054-01

HON. PAUL V. GADOLA
MAG. JUDGE WALLACE CAPEL, JR.

UNITED STATES OF AMERICA,

Respondent.
_____________________________/

# **REPORT AND RECOMMENDATION**

## **I. INTRODUCTION**

This matter is before the Court on Petitioner James Dwight Lewis' "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," pursuant to 28 U.S.C. § 2255, filed on July 20, 2004 (hereinafter "Petitioner's Brief"). Respondent, the United States of America, filed an "Answer and Brief in Response to Motion under 28 U.S.C. § 2255," on September 10, 2004, (hereinafter "Respondent's Brief"). "Petitioner[] Repl[ied] to [the] Government's Answer and Brief in Response to Motion Under 28 U.S.C. § 2255" (hereinafter "Petitioner's Reply"), on October 5, 2004.

## **II. FACTS AND PROCEDURAL HISTORY**

Petitioner and Respondent both provide a substantial review of the procedural history in their respective briefs; therefore, a detailed recitation would be repetitive. The undersigned highlights the following:

On August 10, 2001, a jury found Petitioner guilty on Counts One, Three, and Four.[1] See [Docket Entry 85]. On November 21, 2001, Petitioner was sentenced to life on Counts One and Three, as well as a concurrent 10-year term on Count Four. See [Docket Entry 106].

On August 1, 2003, with the benefit of counsel, Petitioner filed a timely appeal to the Sixth Circuit Court of Appeals and on August 25, 2003, the Sixth Circuit issued an order affirming the district court's judgment. See [Docket Entries 139, 140].

> Lewis appeals several rulings of the district court: 1) the order denying Lewis's motion to suppress evidence seized from the vehicle he was driving, 2) the decision to permit the government to strike a potential African-American juror, and 3) that portion of the opinion and order denying a motion for judgment of acquittal. Lewis also challenges the constitutionality of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(b). Finally, Lewis argues that he was denied a fair trial based on the court's alleged bias and the prosecutor's alleged misconduct.

Lewis, 73 Fed.Appx. at 109.

Petitioner filed an appeal to the Michigan Supreme Court, which was denied certiorari on November 17, 2003. See [Docket Entry 141]. Lewis v. United States, 540 U.S. 1026, 124 S.Ct. 592 (2003) (mem).

On July 20, 2004, Petitioner filed the present motion under § 2255 and argues the following:

> ISSUE ONE
>
> MOVANT ARGUES THE DISTRICT COURT ERRED WHEN IT DENIED MOVANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE SEIZED PURSUANT TO THE ILLEGAL SEARCH OF AND SEIZURE FROM THE CHEVROLET BLAZER, AND COUNSEL WAS INEFFECTIVE FOR FAILING

[1] On December 20, 2000, Lewis was indicted on charges of conspiracy to distribute powder cocaine and crack cocaine in violation of [21] U.S.C. §§ 846, 841(a), possession with intent to distribute crack cocaine in violation of [21] U.S.C. § 841(a), and being a felon in possession of a firearm in violation of [21] U.S.C. § 922(g). United States v. Lewis, 73 Fed.Appx. 108, 110 (6th Cir. 2003). See also [Docket Entry 23].

TO DEMONSTRATE THAT THE SEARCH WAS ILLEGAL AND THAT THE INVENTORY SEARCH WAS SIMPLY A RUSE FOR INVESTIGATING THE CONTENTS OF THE VEHICLE.

ISSUE TWO

MOVANT ARGUES THAT THE DISTRICT COURT ERRED IN ITS' APPLICATION OF THE FEDERAL SENTENCING GUIDELINES AND COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ERRORS IN MOVANT'S PRE-SENTENCE INVESTIGATION REPORT.

ISSUE THREE

MOVANT ARGUES IN LIGHT OF THE RECENT SUPREME COURT RULING BLAKELY V. WASHINGTON, NO. 02-1632. DECIDED JUNE 24, 2004, HIS CONSTITUTIONAL RIGHTS UNDER THE PRESENTMENT AND DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AS WELL AS THE JURY TRIAL GUARANTEE OF THE SIXTH AMENDMENT WERE VIOLATED.[2]

In its Response, the United States of America contends that Petitioner's Motion is without merit and also requests sanctions.[3] In Petitioner's Reply to the Respondent's Response, he essentially reiterates his prior claims.[4]

## III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect of influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627,

---

[2]Petitioner's Brief at pages 11, 28, and 48.

[3]Respondent's Brief at pages 8-18.

[4]Petitioner's Reply at pages 2-15.

630 (6th Cir. 1990)(citing Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962)). Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).[5]

## IV. ANALYSIS

### A. Suppression of Evidence and Ineffective Assistance of Counsel

Petitioner alleges that his counsel was ineffective for not raising United States v. Hudgins, 52 F.3d 115, 119 (6th Cir. 1995),[6] at the suppression hearing regarding the search of the Chevrolet Blazer.[7] Respondent argues that Petitioner is improperly attempting to relitigate issues regarding suppression of evidence.[8] Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). Petitioner alleges in his Reply Brief that he is not attempting to relitigate issues; rather, he is arguing that his counsel was ineffective for failing to bring established precedent to the court's attention.[9]

Petitioner did not argue on appeal that his counsel failed to do same, which normally results in waiver. In fact, "[i]t is well settled that an argument not raised on direct appeal is waived." Jones, 178 F.3d at 796 (citing Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.1996)).

---

[5]The Court has determined that an evidentiary hearing is not necessary in this case.

[6]Petitioner's Brief at pages 21-23; Petitioner's Reply at pages 2-4.

[7]Petitioner's Brief at pages 11-27.

[8]Respondent's Brief at page 8.

[9]Petitioner's Reply at pages 2-4.

However, Petitioner's claim as it relates to ineffective assistance of counsel is timely even though it was not raised on direct appeal.

> "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." United States v. Daniel, 956 F.2d 540, 543 (6th Cir. 1992); see also Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding).

U.S. v. Foster, 376 F.3d 577, 593 (6th Cir. 2004).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must demonstrate that, considering all the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. Strickland v. Washington, 466 U.S. 668, 693 (1984). Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation. United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995). Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. O'Hara v. Wigginton, 24 F.3d 823, 827 (6th Cir. 1994).

Petitioner cannot show that but for his counsel's failure to cite Hudgins and the related caselaw, discussing search and seizure where a defendant has voluntarily left his vehicle and is thereafter apprehended, would have effected the outcome of his case. During a Motion to withdraw hearing on May 21, 2002, the Honorable Paul V. Gadola clearly stated, "they didn't claim that you didn't exit the vehicle of your volition. They arrested you as you were walking away from the vehicle. You stopped the vehicle, you got out of the vehicle, and as you walked away from the vehicle, that's when you were approached and arrested." (Motion Hearing Volume 2, May 21, 2001,

page 27). Thus, the court was fully aware of Petitioner's current claim regarding the facts related to the searches under the facts of Hudgins and the related caselaw. If the court was aware of the facts at the time of the hearing and before the trial, it is impossible now to say that it would reach a different conclusion. Therefore, Petitioner is unable to establish ineffective assistance of counsel for failure to raise Sixth Circuit precedent under the prejudice prong of Strickland.

Furthermore, both the district court and the Sixth Circuit found that the inventory search was not illegal. Lewis, 73 Fed.Appx. at 111. Therefore, there was an independent basis to support the denial of the suppression motion. United States v. Decker, 19 F.3d 287, 289 (6th Cir. 1994) ("The Supreme Court long ago established that a valid inventory search conducted without a warrant does not violate the Fourth Amendment.")[10]

**B. Federal Sentencing Guidelines and Ineffective Assistance of Counsel**

Petitioner argues that he was denied effective assistance of counsel during the sentencing and on appeal under five separate claims.[11] Specifically, Petitioner alleges that counsel failed to do the following: argue that the district court erred in assessing he was responsible for 1.5 kilograms of cocaine base pursuant to USSG § 2D1.1(c)(1); to object to the use of crack cocaine as a basis for calculating the guideline range; to argue against the firearm enhancement pursuant to USSG §

[10]Petitioner argues that the inventory search was illegal because he "was not actually arrested and given a citation." Petitioner's Brief at page 17, n. 16. See also Petitioner's Reply at page 4. Further, he alleges that the officers did not catalogue the items inventoried. Petitioner's Brief at pages 18, n.18, and 27. However, he litigated the issue of the inventory search on direct appeal and may not relitigate it here. Jones, 178 F.3d at 796.

[11]Petitioner's Brief at pages 28-47. Petitioner's Reply at pages 5-9.

2D1.1(b)(1); to argue against the leadership enhancement pursuant to USSG § 3B1.1(a); and to argue against the use of a minor enhancement pursuant to USSG § 3B1.4.[12]

However, as Respondent points out, "objections were filed regarding the base offense level and enhancements," which were overruled at sentencing.[13] Respondent provides objections signed by both Petitioner and his counsel regarding: no more than a base level offense of at least 32 for the amounts of cocaine powder and cocaine base; Petitioner's position as an "organizer or leader;" and the use of a minor.[14] Therefore, Petitioner cannot allege that his counsel failed to object or make arguments regarding same.[15]

As to Petitioner's argument regarding the firearm enhancement pursuant to USSG § 2D1.1(b)(1), he also argues that his counsel was ineffective for failing to present "affidavits" from Homer Norris, III, and Georgette Burnett.[16] Respondent points out that the "affidavits" of Homer Norris, III, and Georgette Burnett, which were not entered into evidence, were inadmissible as hearsay under Federal Rule of Evidence 802.[17] Petitioner's argument that because the affidavits "are directly linked to evidence that the Government used to support Mr. Lewis' possession of a firearm," that the affidavits somehow overcome the rules of evidence regarding hearsay is without merit.[18]

---

[12]Petitioner's Brief at page 28.

[13]Respondent's Brief at page 9.

[14]Respondent's Brief at page 9 (citing Attachment No. 5).

[15]Petitioner also raised the issues of these enhancements on direct appeal. Petitioner's Brief to the Sixth Circuit Court of Appeals, July 22, 2002, at pages 40-41. However, the Sixth Circuit affirmed the district court, denying Petitioner's claims. Lewis, 73 Fed.Appx. at 111-12.

[16]Petitioner's Brief at pages 38-40; Petitioner's Reply at page 7.

[17]Respondent's Brief at page 9 (citing Petitioner's Brief at page 40).

[18]Petitioner's Reply at page 7.

Additionally, Respondent points out that the record reflects that Petitioner made the choice of witnesses that would be called to testify.[19] Further, although Petitioner alleges that no evidence was presented that he owned a 10MM handgun,[20] he was convicted of "being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)." Lewis, 73 Fed.Appx. at 110. Further, Agent Todd Bowden testified, contrary to Petitioner's allegations,[21] that it is "typical not to find any identifiable fingerprints on firearms. (Bowden, Vol. 5, 8/9/01 at Tr. 112-13.)."[22] Therefore, again Petitioner cannot show that his counsel's failure to object to same was prejudicial under Strickland because a reasonable probability does not exist that, but for counsel's conduct, the result would have been different. Strickland, 466 U.S. at 693.

Petitioner alleges that his counsel failed to object to the use of crack cocaine as a basis for calculating the guideline range.[23] Petitioner argues further regarding the amount of cocaine as it relates to Amendment 484 and "whether the watery paste like substance were [ ]waste products or intermidiary [sic] solutions."[24] He argues that his counsel was not effective because he failed to argue regarding same.[25] Further, he argues that the Government failed to prove that the watery

---

[19]Respondent's Brief at page 9 (citing Vol. 6, 8/10/01 at Tr. 6-10).

[20]Petitioner's Brief at page 40.

[21]Petitioner's Brief at page 40.

[22]Respondent's Brief at page 9, n.5.

[23]Petitioner's Brief at page 28.

[24]Petitioner's Brief at pages 31-38.

[25]Petitioner's Brief at page 31; Petitioner's Reply at pages 5-7.

substance was crack cocaine and that his counsel should have "forced" them to meet this burden.[26] He asks that the rule of lenity be applied to determine his sentence.[27]

However, the Presentence Investigation Report[28] reveals that Petitioner was involved in the distribution of crack cocaine.[29] Respondent argues that as such, Petitioner has waived his right to challenge that the substance was crack cocaine because he did not do so at the time of sentencing.[30] Further, Respondent points out that both Desmond Savage and Dedrick Watkins testified to Petitioner's involvement with the distribution of crack cocaine.[31] Additionally, a laboratory scientist testified that the substance was cocaine base, for which the street name was crack.[32] Respondent cites to substantial Sixth Circuit law that this is sufficient to establish that the substance was crack cocaine.[33] See, e.g., United States v. Owusu, 199 F.3d 329, 340 (citing United States v. Jones, 189 F.3d 969, 982 (6th Cir. 1998); Wright v. United States, 182 F.3d 458, 468 (6th Cir. 1999)). Therefore, once again Petitioner cannot show that his counsel's failure to object to same was prejudicial under Strickland because a reasonable probability does not exist that, but for counsel's

---

[26]Petitioner's Brief at pages 34-35; Petitioner's Reply at page 5.

[27]Petitioner's Brief at pages 37-38.

[28]See Respondent's Brief at Attachment No. 4.

[29]Respondent's Brief at page 11.

[30]Respondent's Brief at page 11.

[31]Respondent's Brief at pages 12, 13 (citing Desmond Savage, Vol. 5, 8/9/01 at Tr. 156-88 and Dedrick Watkins, Vol. 5, 8/9/01 at Tr. 221-47).

[32]Respondent's Brief at page 14 (citing John Meyers, Vol. 5, 8/9/01 at Tr. 147-48).

[33]Respondent's Brief at pages 13-15.

conduct, the result would have been different given the testimony of Savage, Watkins, and the laboratory scientist. Strickland, 466 U.S. at 693.

### C. Blakely v. Washington

Lastly, Petitioner alleges that ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), results in a violation of his constitutional rights to due process as well as his rights under the Fifth and Sixth Amendments.[34] Specifically, he argues that the enhancements for 1.5 kilograms of cocaine base pursuant to USSG § 2D1.1(c)(1), the firearm pursuant to USSG § 2D1.1(b)(1), the leadership enhancement pursuant to USSG § 3B1.1(a), and the use of a minor pursuant to USSG § 3B1.4, were in violation of Blakely and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

First, Blakely was decided in 2004, almost three years after Petitioner was sentenced. Claims that a sentence was imposed in violation of Blakely are now governed by the intervening decision in United States v. Booker, __ U.S. __, 25 S.Ct. 738 (2005),[35] and are not retroactive. Humphress,

---

[34]Petitioner's Brief at pages 48-54. Petitioner's Reply at pages 9-13.

[35]In his Reply Brief at page 11, Petitioner asks the Court to wait until Booker is decided; however, the Sixth Circuit has ruled that Booker may not be retroactively invoked in initial § 2255 petitions. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

398 F.3d at 860.[36] Second, Apprendi also does not apply retroactively, Goode v. United States, 305 F.3d 378, 384-85 (6th Cir. 2002); however, Petitioner was sentenced in 2001, after Apprendi.

In Apprendi, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be proven beyond a reasonable doubt. Petitioner *did* raise Apprendi on direct appeal[37] and the Sixth Circuit held that "Lewis argues that 21 U.S.C. § 841(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but that argument was rejected in United States v. Martinez, 253 F.3d 251, 256 n. 6 (6th Cir. 2001)." Lewis, 73 Fed.Appx. at 112. In Martinez, the Sixth Circuit held that

> [t]he Appellants' argument rests on an untenably broad and erroneous reading of Apprendi. The Supreme Court in Apprendi expressly declined to overrule its earlier holding that sentencing factors may be used to increase the penalty for an offense under a preponderance of the evidence standard. See 120 S.Ct. at 2361, n. 13. Rather, Apprendi only requires those sentencing factors that increase the penalty beyond the statutory maximum to be submitted for proof beyond a reasonable doubt. Id. at 2362-63 (emphasis added).

Martinez, 253 F.3d at 256, n. 6. Under Apprendi, a judge may use a preponderance of the evidence standard in making a finding as to quantity as long as the sentence does not exceed the statutory

[36] Humphress argues that his sentence was imposed in violation of Blakely, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Because we conclude that Booker's rule does not apply retroactively in collateral proceedings, we find this claim meritless. Humphress, 398 F.3d at 860.

[37] Therefore, another reason exists for finding Petitioner's claim in this regard meritless; namely, he may not relitigate issues on collateral appeal that were determined previously on direct review. Jones, 178 F.3d at 796.

maximum. Harris v. U.S., 536 U.S. 545, 558 (2002); see also U.S. v. Leachman, 309 F.3d 377, 383 (6th Cir. 2002). Thus, Apprendi only applies if a fact increases the penalty for a crime beyond the prescribed statutory maximum. Harris, 536 U.S. at 558. The present Petitioner was convicted, in part, under 21 U.S.C. § 841(a). The maximum sentence for that offense can be found under § 841(b), and is life.[38] Petitioner was sentenced to life. Therefore, he was sentenced within the statutory maximum.

**D. Sanctions**

Respondent asks for sanctions, pursuant to United States v. Wheeler, 154 F.Supp.2d 1075, 1078-79 (E.D.Mich. 2001).

> The Court may require an attorney to "satisfy personally the excess costs, expenses, and attorneys' fees" reasonably incurred as a result of multiplying the proceedings in a case "unreasonably and vexatiously." See 28 U.S.C. § 1927. Moreover, it is well settled that courts have inherent authority to impose sanctions on an attorney for reckless or bad faith conduct during the course of litigation. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); United States v. Wallace, 964 F.2d 1214, 1217-18 (D.C.Cir. 1992).
>
> "Recklessness is defined as more than mere negligence but less than intent." In re Champion Enterprises, Inc., Securities Litigation, 144 F.Supp.2d 848, 858 (E.D.Mich. 2001) (citing Mansbach v. Prescott, Ball & Turben, 598 F.2d 1017, 1024 n. 36 (6th Cir. 1979)); see Black's Law Dictionary (7th ed. 1999) (defining "recklessness" as involving "a greater degree of fault than negligence but a lesser degree of fault than intentional wrongdoing"); see also Smith v. Wade, 461 U.S. 30, 45, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (describing recklessness as short of actual malicious intent). The Sixth Circuit has defined "recklessness" as "highly unreasonable conduct which is an extreme departure from the standards of ordinary care." Ohio Drill & Tool Co. v. Johnson, 625 F.2d 738, 741 (6th Cir. 1980); see Black's Law Dictionary (7th ed.1999) (defining "recklessness" as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and consciously takes the risk").

---

[38]Petitioner admits that this is the statutory maximum. Petitioner's Brief at page 49.

Id. Petitioner's actions may be frivolous, but he is acting on his own behalf and without the benefit of counsel while in prison. Wheeler specifically talks about "attorney[s]," and does not mention pro se litigants. As such, the undersigned does not recommend that the request for sanctions be granted.

## V. CONCLUSION

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED.**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may ser ve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to this report.

s/Wallace Capel, Jr.
**WALLACE CAPEL, JR**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** October 12, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark Jones, Assistant United States Attorney,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): James Lewis, #28192-039, FCI, P. O. Box 6000, Florence, CO 81226-6000.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov