UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DWIGHT LEWIS,

       Petitioner,　　　　　　　　　　　　　　Criminal Action No.
　　　　　　　　　　　　　　　　　　　　　　　00-CR-50054
vs.
　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 04-40208

UNITED STATES OF AMERICA,　　　　　　　　HON. BERNARD A. FRIEDMAN

       Respondent.
_____/

## ORDER TRANSFERRING DEFENDANT'S MOTION FOR RELIEF FROM VOID JUDGMENT PURSUANT TO F.R.CIV.P. RULE 60(b)(4) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On January 12, 2009, defendant filed a motion entitled "Motion for Relief from Void Judgment Pursuant to F.R.Civ.P. Rule 60(b)(4)." This appears to be a second or successive motion pursuant to 28 U.S.C. § 2255. Defendant's first § 2255 motion was denied on April 28, 2006, and the Sixth Circuit refused to grant a certificate of appealability. Defendant's present motion seeks relief from the judgment denying his section 2255 motion, and invokes Fed. R. Civ. P. 60(b)(4).

Defendant's instant motion argues that the Court's denial of his section 2255 motion is "a void judgment for lack of personal jurisdiction." Where a Rule 60(b) motion states a new claim for relief from the criminal judgment, rather than a defect in the section 2255 proceeding, it is a "second or successive motion" that cannot be considered unless it has been certified by the appropriate court of appeals pursuant to section 2244. In re Nailor, 487 F.3d 1018 (6th Cir. 2007); Gonzalez v. Crosby, 545 U.S. 524 (2005). Accordingly, the Court must determine

whether the instant motion raises a "claim" within section 2255.

The Sixth Circuit has explained that a 60(b) motion that seeks to add a new ground for relief constitutes a motion that advances a "claim." Nailor, 487 F.3d at 1022; Gonzalez, 545 U.S. at 532. The instant motion clearly raises a "new ground for relief," as it argues that the federal courts never had personal jurisdiction over defendant. This is a claim that defendant could have raised, but did not, in his section 2255 motion. "Because all of [defendant's] arguments could have been raised in his first § 2255 motion, the § 2255 at issue is a second or successive § 2255 motion that requires [6th Circuit] authorization for filing." Nailor, 487 F.3d at 1023.

Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ." The instant motion does not indicate that defendant has obtained the required certification from the court of appeals. Nor does any such certification appear on the docket sheet. Accordingly,

IT IS ORDERED that defendant's Motion for Relief from Void Judgment Pursuant to F.R.Civ.P. Rule 60(b)(4) be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


                                        S/Bernard A. Friedman_____  
Dated: April 13, 2009              BERNARD A. FRIEDMAN  
      Detroit, Michigan          UNITED STATES DISTRICT JUDGE