UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                     Case No. 00-CR-50054
Plaintiff(s),                          Hon. Judge Bernard A. Friedman

vs.

JAMES DWIGHT LEWIS,
Defendant._____/

## MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO THE FIRST STEP ACT OF 2018

COMES NOW, the Defendant, James Dwight Lewis, appearing through pro se representation and unskilled in the field of law, and respectfully moves this Honorable Court with his motion for reduction of sentence pursuant to the First Step Act of 2018; Section 404(b). This motion is brought forth in good faith in the interest of justice. The accompanying memorandum of law in support brief is incorporated here within.

Date: 6/13/2020

Respectfully Submitting,
/s/ James Dwight Lewis
James Dwight Lewis, Pro se
Reg. No. 28192-039
FCI Lompoc
3600 Guard Rd.
Lompoc, CA 93436

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

UNITED STATES OF AMERICA,                Case No. 00-CR-50054
Plaintiff(s),                    Hon. Judge Bernard A. Friedman

vs.

JAMES DWIGHT LEWIS,
Defendant._____/


MEMORANDUM OF LAW IN SUPPORT BRIEF
FOR MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO THE FIRST STEP ACT OF 2018

   COMES Defendant, James Dwight Lewis ("Mr. Lewis"), appearing pro se, and in support of this memorandum would show as follows:

I. STATEMENT OF JURSIDICTION

   Jursidiction is vested in this Court as relevant here, pursuant to Section 404 of the First Step Act defines a "covered offense" as a violation of a federal criminal statute, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that were committed before August 3, 2010. See First Step Act of 2018, Pub. L. No. 115-391, §404(a), 132 Stat. 5194, 5222 (2018)."

   Section 404(b) also states that "[a] court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed."

## II. DISCUSSION

As a preliminary matter, Mr. Lewis respectfully requests that this Court be mindful that the Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed and [has] held that some procedural rules must give way because of the unique circumstances of incarceration. See Haines v. Kerner, 404 U.S. 519 (1972).

Mr. Lewis was convicted by jury of two counts involving 50 grams or more of cocaine base: Count One, Conspiracy to distribute cocaine, alleging 5 kilograms or more of powder cocaine and 50 grams or more of cocaine base; and Count Three, Possession with the intent to distribute 50 grams or more of cocaine base. He was sentenced in 2001 to life in prison on both counts, based on a Criminal History Category IV and a total offense level of 46. He was resentenced in 2012 to 360 months on both counts, with the same criminal history but a total offense level of 42, resulting in a guidelines range of 360 months to life in prison.

Mr. Lewis has been incarcerated since 2000. His current release date is December 19, 2026. After his release, he must be placed on supervised release. At sentencing and on appeal, Mr. Lewis argued that his Sixth Amendment right to a jury finding as to the quantity of drugs with which he should be held responsible, under Apprendi v. New Jersey, 530 U.S. 466 (2000), was violated.

A. Booker's remedy of advisory guidelines raises due process/ex post facto concerns.

Mr. Lewis contends that these due process and ex post facto principles come into play here because the remedial majority in Booker, through its new interpretation of the Sentencing Reform Act, effectively raised the maximum penalty that may be imposed for federal crimes by

2

eliminating the mandatory nature of the guidelines. As Booker makes clear, under the mandatory federal guidelines system that was in effect before Booker, the "statutory maximum" sentence was the top of the guideline range. See 125 S. Ct. at 749.

Moreover, it should be noted that long before Booker, every circuit recognized that because the mandatory nature of the guidelines, any amendment that would raise a defendant's guideline range could not be applied to conduct occurring before the amendment took effect without violating ex post facto principles. See United States v. Nagi, 947 F.2d 211, 213 n.1 (6th Cir. 1991). These decisions were based on the Supreme Court's decision in Miller v. Florida, 482 U.S. 423 (1987).

Thus, a resentencing of Mr. Lewis under the First Step Act may not exceed the statutory maximum defined in Booker's constitutional holding. See Peugh v. United States, 569 U.S. 530 (2013) holding, that there is an ex post facto violation when a defendant is sentenced under U.S. Sentencing Guidelines manual provisions promulgated after he committed his criminal acts and the new version provides a higher applicable guidelines sentencing range then the version in place at the time of the offense.

Accordingly, in addition to a reduction in his sentencing guidelines range, Mr. Lewis' statutory penalties have been reduced to 5 to 40 years imprisonment, and 4 years supervised release. Being consistent with the jury verdict alone, his current guidelines range is a base offense level of 24, reflecting a guidelines range between 77 to 96 months with a criminal history category IV.

Even though the sentencing Court never took into consideration the 5 kilograms of powder cocaine at Mr. Lewis' original sentencing. For sake of the argument, should the Court now utilize this drug amount at resentencing under the First Step Act. Mr. Lewis would be facing a base offense level of 30, reflecting a guidelines range between

3

135 to 168 months with a criminal history category IV.

Mr. Lewis has served 238 months on his current sentence making him eligible for immediate release under a First Step Act resentencing.

B. <u>Section 404(b); Covered Offense</u>.

In United States v. Boulding, Nos. 19-1590/1706 (6th Cir. June 1, 2020) held, because the Act's definition of a "covered offense" ties eligibility to the statute of conviction the Court joined all of our sister circuits that have reached the issue and hold that eligibilty for resentencing under the First Step Act is a categorical inquiry governed by the statute of conviction. Mr. Lewis' two counts of 50 grams or more of cocaine base convictions, makes him eligible for a resentencing under the First Step Act of 2018.

C. <u>Section 404(b); Discretionary</u>.

The First Step Act ultimately leaves the choice whether to re-sentence to the district court's sound discretion. See First Step Act of 2018, §404(b).

Contrarily, its Mr. Lewis' position in light of U.S. Supreme Court precedent in Hicks v. Oklahoma, 447 U.S. 343 (1980), that he has a Fifth Amendment right to be resentenced within the correct statutory penalty phases.

In Hicks, the Supreme Court found a due process violation because Hicks had a "substantial and legitimate expectation that he w[ould] be deprived of his liberty only to the extent determined by the [sen-tencing body] in the exercise of it's statutory discretion. Id. at 346

4

D. <u>Section 404(b); Full resentencing.</u>

Mr. Lewis is well aware of the Sixth Circuit's holding in United States v. Roberts, No. 19-3282, 2019 U.S. App. LEXIS 38714, wherein the Court held, district court may not conduct plenary resentencing but may consider 18 U.S.C. §3553(a) factors to the extent that they are applicable to 404(b) relief.

Ironically, it is Mr. Lewis' position that Roberts was erroneously decieded, in an attempt to limit U.S. Congressional intent to correct the injustice that African-Americans received under the draconian crack law.

Congress enacted the Fair Sentencing Act of 2010, because the sentencing scheme for crack cocaine offenders were too harsh and had a disparate impact on African-American defendants. The purpose of the First Step Act was enacted, in part, to: provide a remedy for individuals subjected to overly harsh and prejudical penalties for crack cocaine offenses; decrease the number of people caged in overcrowded prisons largely because of the War on Drugs; and save the taxpayers dollars.

Congress intended for district courts to give an individualized review of eligible defendants cases. Therefore, the plain textual language of the ACT reflects: Section 404 of the Act is a freestanding remedy for defendants who are eligible for relief under its terms. Congress did not subject 404 motions to procedures under other statutes that serve different purposes. The plain text of section 404 gives the court authority to conduct a full resentencing (unlike section 3582(c)(2) motions), in the defendant's presence. First, section 404 gives the court discretion to "impose" a reduced sentence of any length consistent with section 841(b)(1)(A) and (b)(1)(B), without limitations on what the court may consider. See Section 404(b).

5

Second, section 404(b) gives the court jurisdiction to "impose" a reduced sentence. (emphasis added). Congress' choice of the verb "impose," instead of "modify" or "reduce," is significant. Federal sentencing statutes use the verb "impose" to mean "sentence" in light of all relevant factors. See e.g., 18 U.S.C. §3553(a)("the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set-forth in paragraph (2) of this section"): Section 3553(a)(2)(directing courts to consider "the need for the sentence imposed" in light of the purposes of sentencing); Section 3553(c)("Statement of Reason for imposing a sentence. The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."). Because of "identical words ... are intended to have the same meaning, the ACT's use of the verb "impose directs a resentencing." See also, Fed. R. Crim. P. 32(b)(1)(Using verb "imposing"), all unlike a motion filed under section 3582(c) the words "modification of impos[ed] term of imprisonment." See now United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012), rejecting the defendant's argument that he was eligible for a section 3582 reduction under the FSA, determining that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a section 3582(c)(2) reduction in the defendant's case. Id.

Section 404 entitles a defendant a full resentencing, because section 404 authorizes courts to conduct a resentencing hearing at which the defendant is present, absent a waiver. See e.g., Hicks v. United States, 137 S. Ct. 2000 (2017)("Hicks is entitled to a sentence consistent with 18 U.S.C. §3553(a)'s parsimony."). Therefore, being in accordance with Congressional intent from the textual language of the First Step Act section 404(b), Mr. Lewis is entilted to a full resentencing.

E. <u>18 U.S.C. §3553(a) Factors</u>.

    Unjustified racial disparate treatment of cocaine offenders has been the root of the injustice toward African-Americans since the enactment of the draconian crack law. The severe statutory penalties for crack cocaine have never been supported by scientific or social realities. The misperceptions that crack offenses are more serious than powder cocaine offenses and that African-Americans committ crack offenses to a significantly greater extent than whites have several repercussions. More than 90 percent of federal crack defendants are African-American. When that number is coupled with disparity in applicable sentencing statutes and guidelines, the end result is that African-Americans are sentenced to substantially longer terms of imprisonment for offenses involving what is essentially the same drug; cocaine. See Douglas C. McDonald & Kenneth E. Carlson, Sentencing in the Federal Courts: Does Race Matter? U.S. Dept. of Justice, Bureau of Statistics 1-3 (Dec. 1993).

    Mr. Lewis is of African-American decent and had to suffer from the injustice of such racial disparity. There is no testimony of Mr. Lewis trafficking in 150 kilograms of powder cocaine. The 100 to 1 ratio between crack cocaine and powder cocaine, caused the Government to offer Mr. Lewis a plea bargain between 360 to 405 months imprisonment.

    Had the ratio been just and fair, between crack cocaine and powder cocaine. Mr. Lewis would have pled guilty and saved the Government resources for prosecuting him. There was testimony of Mr. Lewis being involved with at least 40 kilograms of powder cocaine. This would have caused for a base offense level of 34, at a criminal history category of IV, reflecting a guidelines range between 210 to 262 months. After a three (3) level reduction for accepting responsibility, his guidelines range would have been between 151 to 188. With calculating U.S.S.G. §§Amendment 782, his range would be between 121 to 151 months with 238 months served.

Since the murder of George Floyd on May 25, 2020, by a Minneapolis police officer, there has been nationwide outrage. There has been an out-cry around the world for the racial inequities in the criminal justice system and for Black Lives Matter. African-Americans have been treated as an inferior race to white America since the days of slavery. There exist two (2) justice systems in America. One (1) for white America and number two (2) for African-Americas, along with other minority races.

Because of the civil unrest in America calling for equal rights and justice reform from protesters across the nation. On June 8, 2020, Democrates introduced wide-ranging legislation to combat racial inequities in the criminal justice system. One (1) such bill is crafted to Equalize crack and powder cocaine sentencing (finally!). In 2009 the Obama Justice Department advocated for "Congress to completely eliminate the crack/powder disparity."

This ugly stain of disparity needs to be wiped out once and for all. Therefore, Mr. Lewis is requesting that the Court take into consideration this corner-stone fact as to why he has been incarcerated for the last 20 years, because of this disparity affecting the African-American communities.

Additionally, section 3553(a)(2) concerning the seriousness of the offense. There was a onesided prosecution in Mr. Lewis' case. He was forced to be represented by counsel that he did not want. Counsel isolated Mr. Lewis from building a defense in his case. Where it was made possible for Mr. Lewis' sentence to be enhance for use of a minor, that was an adult at the time of Lewis' arrest.

Mr. Lewis has continuously tried raising his prosecutorial misconduct to the Court. Where the Government withheld statements of their star witness' history of drug dealing from the defense. And how the Govern-

ment knew that their star witness had given false statements to law enforcement concerning Mr. Lewis, which prevented him from having a fair trial.

Mr. Lewis is 43 years of age now. He is still young enough to be reformed. Over the years he has come to learn from the mistakes he has made in life. In 2015, Mr. Lewis attempted to start a clothing company in the state of Michigan. This company was to provide quality clothing at an economical price. Rogue Legionz Clothing & Accessories, LLC and there was the d/b/a registered in Flint, Michigan under Rogue Legionz. Things were never able to get off of the ground mainly due to his incarceration. Mr. Lewis has other business plans and goals he has made for himself. He is ready to return to society and do his part in helping the youth in his community and mankind as a whole. Mr. Lewis is also remorseful for his deeds and actions which lead him to prison in the first place.

Furthermore, since his incarceration Mr. Lewis has taken various programs throughout the years. Mr. Lewis has completed the 40 hour drug program. He has also maintained being drug free for almost 20 years now. He has had some mislapes throughtout the years. But, nothing to the point of showing total disruptive behavoir. In 2017, Mr. Lewis was sent to federal camp in Lompoc, California. He was approved to go on furlough in the city of Lompoc for weeks at a time. While on furlough in the city of Lompoc, he made the Santa Maria Times newspaper online for cleaning up behind the homeless camps.

Finally, Mr. Lewis had a troubled up-bringing that was never taken into consideration by the Court. He witness his first homicide at the age of 8. He was told never to tell anyone what actually happen when he witness his uncle kill his aunty's husband on July 5, 1985. Then he was put out on the streets by his mother when he was charged with the 1991 juvenile case. Mr. Lewis is well aware as to how crack cocaine can destroy a household and family. From his mother's abuse, to his addic-

9

tion to sell drugs the outcome has been a devastation on his entire family.

Where §3553(a) factors are applicable in light of Boulding; United States v. Allen, No. 19-3606 (April 14, 2020); and United States v. Smith, No. 19-5281 (6th Cir. May 15, 2020), Mr. Lewis humbly request that the Court take all these cases into consideration and utilize the Sentencing Package doctrine if need be in light of Dean v. United States, 137 S. Ct. 1170, 1175-76 (2017); and United States v. Shue, 825 F.2d 1111, 1114 (7th Cir. 1987) and resentence him in accordance of the law today under the First Step Act of 2018.

## CONCLUSION

WHEREFOR NOW, above premises considered, Mr. Lewis respectfully requests and prays that this Honorable Court GRANT [his] motion and all relief the Court deems fit sua sponte in the interest of justice and resentence him to time served.

Date: 6/13/2020

Respectfully Submitting,

/s/ James Dwight Lewis
James Dwight Lewis, Pro se
Reg. No. 28192-039
FCI Lompoc
3600 Guard Rd.
Lompoc, CA 93436

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy of this pleading upon the Clerk of the Court, VIA US Mail, properly addressed, Postage First-Class prepaid. The accused further requests that a copy of this pleading be forwarded to all parties, VIA the CM/ECF System, as he is indigent, detained, and has no other means.

Done this 13th day of June 2020

Respectfully Submitted,

/s/ *James D. Lewis*
James Dwight Lewis, Pro se
Reg. No. 28192-039
FCI Lompoc
3600 Guard Rd.
Lompoc, CA 93436

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a copy of this pleading upon the Clerk of the Court, VIA US Mail, properly addressed, First-Class Postage prepaid. The accused further requests that a copy of this pleading be forwarded to all parties, VIA the CM/ECF System, as he is indigent, detained, and has no other means.

Done this 13th day of June 2020

Respectfully Submitted,
/s/ *James Dwight Lewis*
James Dwight Lewis, Pro se
Reg. No. 28192-039
FCI Lompoc
3600 Guard Rd.
Lompoc, CA 93436

James D. Lewis #28192-039
Federal Correctional Institution Lompoc
3600 Guard Rd.
Lompoc, CA 93436

U.S. MAIL



RECEIVED
JUL -1 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

6/25/20

LEGAL MAIL

⇔28192-039⇔
USDC Clerks Office
231 W Lafayette BLVD
Room 564
Detroit, MI 48226
United States

LEGAL MAIL

LEGAL MAIL